UNITED STATES DISTRICT COURT         FILED

DISTRICT OF CONNECTICUT

2011 AUG -5 P 2: 30

U.S. DISTRICT COURT
NEW HAVEN, CT

IN THE MATTER OF THE APPLICATION OF THE
UNITED STATES OF AMERICA FOR
AUTHORIZATION TO OBTAIN LOCATION DATA
CONCERNING A CELLULAR TELEPHONE
ASSIGNED CALL NO. 203-804-3960, WITH MSID
NO. 2038043960, AND A CELLULAR TELEPHONE
ASSIGNED CALL NO. 203-764-0812, AND
AUTHORIZING THE INSTALLATION AND USE
OF PEN-REGISTER DEVICES OR PROCESSES,
THE INSTALLATION AND USE OF TRAP-AND-
TRACE DEVICES OR PROCESSES, AND THE
DISCLOSURE OF TELECOMMUNICATIONS
RECORDS AND/OR INFORMATION

UNDER SEAL

Misc. No.

## AFFIDAVIT AND REQUEST FOR AUTHORIZATION

I, Jonathan Young, being duly sworn, depose and say:

1. I am presently assigned as a Task Force Officer on the New Haven Federal Bureau of Investigation ("FBI") Joint Terrorism Task Force ("JTTF"), and commenced this assignment in mid-December of 2010. From 1999 to the present, I also have been an Officer of the New Haven Police Department ("NHPD"). My duty assignments with the NHPD have included, among others, the Street Interdiction Narcotics Detail; the Bicycle Patrol Unit; the Information Directed Neighborhood Enforcement Teams (crime-statistics proactive enforcement units, similar to "COMPSTAT" programs in other cities); Underwater Search and Recovery Team; Internal Affairs Division; and Investigative Services division (cold case / motor vehicle fatality investigation). I have sworn out at least ten state search warrant affidavits and numerous arrest warrant affidavits; and I have participated in the execution of at least 50 search warrants.

2. I submit this affidavit in support of applications for:

a. Warrants pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. 2703(c)(1)(A), authorizing agents of the FBI to ascertain the physical location of the following two cellular telephones: (1) the cell phone assigned call number 203-804-3960, with MSID no. 2038043960, subscribed to in the name of Jennifer Guzman, listed at 179 Treadwell Street, Hamden, Connecticut 06517, with primary service provided by TracFone Wireless, Inc. ("TracFone"), and cellular tower services provided by AT&T Wireless ("AT&T") ("TARGET CELLPHONE 1"); and (2) the cell phone assigned call number 203-764-0812, subscribed to in the name of Elaine Peters, listed at 589 Winchester Avenue, New Haven, Connecticut, with primary service provided by TracFone, and cellular tower services provided by AT&T ("TARGET CELLPHONE 2"), including but not limited to E-911 Phase II data (or other precise location information) concerning TARGET CELLPHONE 1 and TARGET CELLPHONE 2 (the "Requested Location Information"),[1] for a period of thirty (30) days; and

b. Orders for that same period of thirty (30) days authorizing the use of a pen register and trap-and-trace device, and authorizing disclosure of electronic communications records and/or information that is relevant and material to the ongoing criminal investigation, as required by Title 18, United States Code, Section 2703(d), which pertains to the individual who utilizes each

---

[1] Such information shall, where other information is unavailable, include records reflecting the tower and antenna face ("cell site") used by the TARGET CELLPHONE at the start and end of any call. In requesting cell site information, the Government does not concede that such cell site records – routinely retained by wireless carriers as business records – may only be obtained via a warrant issued on probable cause. See In re Application, 460 F. 2d 448 (S.D.N.Y. 2006) (authorizing prospective acquisition of cell-site records under combined authority of 18 U.S.C. §§ 2703(d) and 3121 et seq.).

of the TARGET CELLPHONES to commit the federal criminal violations discussed below (the "Pen/Trap/Subscriber Information").

3. The information contained in this affidavit is based upon my personal knowledge and observation, my training and experience, conversations with other law enforcement officers and witnesses, and the review of reports, records, and other documents. Because this affidavit is being submitted for the limited purpose of establishing probable cause to support the issuance of an order authorizing the acquisition of the Requested Location Information and the Pen/Trap/Subscriber Information, I have not included the details of every aspect of the investigation.

4. For the reasons set out in this affidavit, there is probable cause to believe that: (1) at least one individual using TARGET CELLPHONE 1 and TARGET CELLPHONE 2 (the "TARGET CELLPHONES") has committed and continue to commit, illegal bomb threat calls made from cell phone numbers 203-804-3960 and 203-764-0812, in violation of 18 U.S.C. § 844(e) (telephonic threats), 18 U.S.C. § 875(c) (interstate threats), and 18 U.S.C. § 1038 (false information and hoaxes); (the "TARGET OFFENSES"); (2) the Requested Location Information will assist in locating and identifying the individuals(s) using the TARGET CELLPHONES; and (3) locating and identifying the individual(s) using the TARGET CELLPHONES will constitute or lead to evidence of the TARGET OFFENSES and of the identifies of individuals committing or assisting the commission of those offenses.

5. Also based on the reasons and probable cause set out in this affidavit, there are specific & articulable facts showing reasonable grounds to believe the Pen/Trap/Subscriber Information is relevant and material to the ongoing criminal investigation, such records to include the *subscribers names and contact information* for telephone numbers dialed or pulsed to, or being

dialed or pulsed from, each of the TARGET CELLPHONES. Those records will assist investigators in locating and identifying the individual(s) who are planning and perpetrating the TARGET OFFENSES, individuals knowingly aiding and abetting the perpetrators' illegal conduct, and individuals who may be unknowingly assisting or facilitating the illegal conduct, and who possess information relevant and material to the ongoing investigation.

6. For the foregoing reasons, the data requested also includes, with respect to each of the TARGET CELLPHONES:

   a. Prospective incoming/outgoing calls' cell site locations;

   b. Historical cell site locations and toll records dating back to March 1, 2011;

   c. Subscriber names and contact information for prospective incoming/outgoing calls; and

   d. Subscriber names and contact information, insofar as requested by law enforcement agents from service providers, for incoming/outgoing calls dating back to June 1, 2011.

7. For several months, the NH FBI-JTTF has been investigating a series of false bomb threats made by telephone to the New Haven police department's 911 dispatch center, and the investigation continues in connection with possible criminal violations, including, among others, 18 U.S.C. § 844(e) (telephonic threats), 18 U.S.C. § 875(c) (interstate threats), and 18 U.S.C. § 1038 (false information and hoaxes). As set forth in the following chart, between June 27, 2010 and June 18, 2011, the New Haven 911 dispatch center has received and recorded a total of 15 threat calls made on 9 separate dates, with the voice on all 15 calls sounding like the same person, specifically, a male speaker who may be trying to disguise his actual voice. All of the 15 calls referred to either a bomb or bombs or a location that was about to blow up. Thirteen of the 15 calls placed the bomb

threat somewhere within an approximately six by six block area that includes the 1600 Block of Chapel Street (which block was specified in 7 threats), nearby locations on Whalley or Ellsworth Avenue (specified in 4 threats), and/or "Officer Hassett," which is the last name of the commanding officer for the New Haven police district that includes the 1600 Block of Chapel Street (named in 2 threats). The other two calls placed the threat at, respectively, 648 Chapel Street, and downtown New Haven. A few of the calls also referred to hostages, and to armed men at the scene. The calls are summarized below:

| Date | Time | Originating # | Contents of threat |
|---|---|---|---|
| 06-27-2010 | 3:59 pm | 203-804-3960 | "There's a bomb at 1620 Chapel . . . 1620 Chapel" |
| 09-23-2010 | 5:53 pm | 203-804-3960 | "There's a bomb at 1620 Chapel . . . there's two . . . one in the house, and the other one's gonna blow in five minutes if you don't find it" |
| 09-23-2010 | 6:15 pm | 203-804-3960 | "'S'two more bombs on Ellsworth" |
| 09-23-2010 | 6:24 pm | 203-804-3960 | "There's a bomb at Officer Hassett's house" |
| 11-24-2010 | 4:22 pm | 911-080-4479 ** | "There's a bomb at 1628 Chapel . . . one's in the house, another one's in the back, and the next one's in the sewer, and I'm not gonna tell you where the other one's at" |
| 11-24-2010 | 5:09 pm | 203-804-3960 | "Tell Officer Hassett to get off Chapel or I'll blow the whole Chapel up" |
| 11-24-2010 | 5:27 pm | 203-804-3960 | "Bomb at 1620 Chapel, there's a hostage inside, you step in front, I'll blow it up" |
| 12-09-2010 | 6:40 pm | 911-080-4479 ** | "There's a bomb at 16-4 Chapel . . . 1634, and there's another one across the street in the big building" |
| 02-23-2011 | 6:34 pm | 203-804-3960 | "There is a bomb on Premium Deli on Whalley . . . the men in the store are armed . . . they will shoot at police . . . let me repeat . . . they will shoot at police" |
| 02-23-2011 | 7:20 pm | 203-804-3960 | "There is a bomb on the police station on Whalley . . . I have five bombs . . . enough |

| Date | Time | Originating # | Contents of threat |
|---|---|---|---|
| | | | to take out the whole f–ckin' Whalley . . . you better send police there a-ap or I will blow it up" |
| 03-14-2011 | 6:05 pm | 203-804-3960 | "It's a bomb on L and A Deli on Whalley" |
| 04-25-2011 | 12:48 pm | 203-804-3960 | "There's a bomb at 648 Chapel . . . there's one in the front under the porch . . . there's another in the back...there are hostages in the house . . . people are armed with guns in the house with the hostages" |
| 05-29-2011 | 1:33 pm | 911-046-9114 ** | "There is a bomb at 1626 Chapel . . . there is hostages in the house with dynamite . . . and there's another bomb buried in the back ditch" |
| 06-18-2011 | 3:11 pm | 203-764-0812 | "There's a bomb at 1642 Chapel . . . there's two . . . there's a bomb in the big building on Ella Grasso and Chapel...we have hostages . . . " *** |
| 06-18-2011 | 3:13 pm | 203-804-3960 | "There's gonna be a bomb . . . downtown in New Haven . . . shut the f–ck up, you don't know me..." *** |

\*\*   It is not yet known with certainty why three of the calls' originating numbers have a 911 prefix, but it is generally understood that some cell phones will indicate a 911 prefix when a 911 call is made from such phone. Efforts to explain this further are an ongoing part of the investigation.

\*\*\*   During both call on 06-18-2011, the 911 operator interrupted the caller, rendering part of the caller's statements unintelligible.

8.   On all nine dates when the threat calls were received, the New Haven Police Dept. dispatched members of its Emergency Services Unit to the location(s) of the designated threats, sometimes assisted by members of the FBI's bomb tech response team. In all nine instances, the investigating officers and agents found no evidence of any bombs, hostages, or armed men. Accordingly, all 15 calls are deemed to be hoaxes.

9. As set forth in the above chart, the originating numbers of the 15 bomb threat calls include 11 calls from number 203-804-3960; one call from number 203-764-0812; and three calls from a 911 prefix number. As noted above, the explanation for the 911-prefix originating numbers remains under investigation. The other two numbers are the subjects of the Requested Location Information and the Pen/Trap/Subscriber Information sought by this Affidavit and Application.

10. TARGET CELLPHONE 1, assigned number 203-804-3960 – which was used for 11 of the 15 threat calls – is provided service by TracFone, with cell tower service provided by AT&T Wireless ("AT&T). The account lists a mobile station identification ("MSID") number of 2038043960. The account is subscribed to by Jennifer Guzman, listed at 179 Treadwell Street, Hamden, Connecticut. Ms. Guzman's listed date of birth ("DOB") on that TracFone account is the same DOB corresponding to a Jennifer Guzman who, according to Connecticut Department of Motor Vehicles ("DMV") records, was issued a Connecticut non-driver's identification card on May 25, 2010 – just a month before the first bomb threat call. Ms. Guzman's address listed for that non-driver's ID is 640 Mix Ave., No. 2E, Hamden, Connecticut. Records from the National Criminal Information Center ("NCIC") report that a Jennifer Guzman having the same DOB was previously convicted of felony identify theft and misdemeanor criminal impersonation (08-24-2010, Connecticut), credit card fraud conspiracy (02-22-2007, New York), misdemeanor forged instrument 3rd degree (07-08-2005, New York), and felony grand larceny 3rd degree (02-11-2004, New York).

11. Investigating officers contacted Ms. Guzman, who was found to be residing in New York. Ms. Guzman denied ever having possessed the subject telephone, and stated that she had moved to New York at a time that preceded the first of the bomb threat calls. These assertions have been neither proved nor disproved as of the current date.

12. TARGET CELLPHONE 2, assigned number 203-764-0812 – which was used for one of the two most recent threat calls on June 18, 2011 – is also provided service by TracFone, with cell tower service provided by AT&T. The account is subscribed to by Elaine Peters, listed at 589 Winchester Ave New Haven, Connecticut. Ms. Peters has not yet been contacted by law enforcement agents.

## AUTHORIZATION REQUEST

13. Based on the foregoing, there is probable cause to believe that the Requested Location Information will lead to evidence regarding the activities described above. The Requested Location Information is necessary to determine the location of the TARGET CELLPHONES so that law enforcement agents can conduct physical surveillance and other investigative activity at and around the locations from which the illegal bomb threat calls are made, including in the immediate aftermath of any such illegal calls made in the next 30 days.

14. WHEREFORE, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. 2703(c)(1)(A), it is requested that the Court issue a warrant and Order authorizing agents of FBI to obtain the Requested Location Information for a period of thirty (30) days.

15. IT IS FURTHER REQUESTED that the Court direct TracFone and AT&T to assist agents of the FBI by providing all information, facilities and technical assistance needed to ascertain the Requested Location Information, and further direct TracFone and AT&T, the service provider for the each of the TARGET CELLPHONES, to initiate a signal to determine the location of each of the TARGET CELLPHONES on the service provider's network or with such other reference points as may be reasonably available and at such intervals and times as directed by the law enforcement agent serving the proposed warrant, and to furnish the technical assistance necessary

to accomplish the acquisition unobtrusively and with a minimum of interference with such services as that provider accords the user(s) of each of the TARGET CELLPHONES, for a period of thirty (30) days. Reasonable expenses incurred pursuant to this activity will be processed for payment by the FBI.

16. IT IS FURTHER REQUESTED that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate each of the TARGET CELLPHONES outside of daytime hours.

17. IT IS FURTHER REQUESTED that the Court order TracFone and AT&T to provide historical cell site locations and toll records dating back to March 1, 2011.

18. IT IS FURTHER REQUESTED that the Court authorize (a) the installation and use of a pen-register device or process, as defined in Title 18, United States Code, Section 3127, to record or decode dialing, routing, addressing, or signaling information, including push-to-talk (direct connect/walkie-talkie feature) calls, if applicable, and cell site call activations, transmitted by an instrument or facility from which a wire or electronic communication is transmitted, including numbers dialed or pulsed from each of the TARGET CELLPHONES, to record the date and time of such dialings or pulsings, and to record the length of time the telephone receiver in question is off the hook for incoming or outgoing calls; and (b) the installation and use of a trap-and-trace device or process, as defined in Title 18, United States Code, Section 3127, that captures the incoming electronic or other impulses which identify the originating numbers or other dialing, routing, addressing, or signaling information, including push-to-talk (direct connect/walkie-talkie feature) calls, if applicable, and cell site call activations, likely to identify the sources of wire or electronic

communications and to record the date, time, and duration of calls created by such incoming impulses, transmitted to each of the TARGET CELLPHONES.

19. IT IS FURTHER REQUESTED that the Court order the furnishing of information, facilities, and technical assistance necessary to unobtrusively accomplish the installation and use of the pen-register device or process, and trap-and-trace device or process, by the Company with reasonable compensation to be paid by the applicant for reasonable expenses incurred in providing such facilities and assistance.

20. IT IS FURTHER REQUESTED that, pursuant to Title 18, United States Code, Section 2703(c) and (d), the Court order that TracFone Wireless, Inc., Sprint Nextel Corporation; T-Mobile USA, Inc.; Cellco Partnership d/b/a Verizon Wireless; Cingular Wireless; AT&T Wireless; SBC Communications/Southern New England Telephone Company; and/or any other wireless or hardline telecommunication company, including providers of Voice Over Internet Protocol ("VOIP"), (collectively, the "Service Providers"), disclose to agents of the FBI electronic communication records and/or information, including subscriber information, billing and payment information, ESN, IMSI, UFMI, and/or SIM numbers, as applicable, and call detail records, including records of push-to-talk (direct connect/walkie-talkie feature) calls, as applicable, for a period beginning on June 1, 2011, for the telephone numbers dialing or pulsing to, or being dialed or pulsed from, each of the TARGET CELLPHONES, and for each of the TARGET CELLPHONES running through the duration of the Court's Order, with reimbursement by the applicant for such costs as are reasonably necessary and which have been directly incurred in searching for, assembling, reproducing, or otherwise providing the information, excluding those costs associated with records and information that relate to toll records and telephone listings that are exempt pursuant to 18

U.S.C. § 2706(c). The applicant also specifically requests cell site activations for each of the TARGET CELLPHONES for a period beginning up to thirty (30) days prior to the date of the request.

21. IT IS FURTHER REQUESTED that the authorization given be intended to apply not only to the number assigned to each of the TARGET CELLPHONES described above, but also to any other numbers subsequently listed to the same subscriber and/or assigned to an instrument bearing the same IMSI, or SIM, or account number as each of the TARGET CELLPHONES, within the sixty (60) day period.

22. IT IS FURTHER REQUESTED that the warrant, Order, and Affidavit, as they reveal an ongoing investigation, be sealed until further order of the Court in order to avoid premature disclosure of the investigation, guard against flight, and better ensure the safety of agents and others, except that working copies may be served on Special Agents and other investigative and law enforcement officers of the FBI, federally deputized state and local law enforcement officers, and other government and contract personnel acting under the supervision of such investigative or law enforcement officers, and TracFone and AT&T and any other Service Providers as necessary to effectuate the Court's Order.

23. IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), the Court authorize notice to be delayed for a period of 30 days after the termination of the monitoring period authorized by the warrant or any extensions thereof, because there is reasonable cause to believe that providing immediate notification would seriously jeopardize the investigation.

24. IT IS FURTHER REQUESTED that, pursuant to 18 U.S.C. § 3123(d), to avoid prejudice to the criminal investigation, TracFone and AT&T and its agents and employees, and the Service Providers and their agents and employees, not disclose or cause a disclosure of the warrant or Order or the request for assistance or the existence of this investigation under penalty of criminal prosecution to any person other than those of their agents and employees who require this information to accomplish the services hereby ordered, unless and until otherwise ordered by this Court. In particular, no such disclosure may be made to a lessee, telephone subscriber, or any other person, unless or until otherwise ordered by the Court.

25. IT IS FURTHER REQUESTED that, to avoid prejudice to the ongoing criminal investigation, as with the original order, an employee of the Company and an employee of each of the Service Providers is to maintain a list showing each person having knowledge of the warrant or Order and/or what they authorize as well as the date and time each person first learned of that information and by whom they learned of it.

---
Jonathan Young
Task Force Officer
Federal Bureau of Investigation

Subscribed and Sworn to before me
this ___ day of June, 2011

---
THE HONORABLE JOAN G. MARGOLIS
UNITED STATES MAGISTRATE JUDGE

FILED 2011 AUG -5 P 2:30 U.S. DISTRICT COURT NEW HAVEN, CT